THE CITY OF BROOKLYN, Respondent, *v.* FREDERICK
SCHOLES, Appellant.

*Canvasser of election in the city of Brooklyn — liable to a penalty for a failure to*
*serve — 1880, chap. 528.*

Chapter 528 of 1880, providing that every person appointed as register, poll clerk,
canvasser or inspector of election in the city of Brooklyn, who shall fail to take
and file the oath of office, or willfully neglect or refuse to discharge the duties
of such office, shall, "unless excused by the board of elections, be liable to a
penalty of $100, to be sued for and recovered by said board in any court of
record in the name of the city of Brooklyn for the use and benefit of the city
treasury," is constitutional.

It is for the board of elections and not for the court to decide whether the reasons assigned by the person appointed, for declining to serve, should be accepted
or rejected.

Appeal from a judgment in favor of the plaintiff, entered upon
a verdict directed by the court, and from an order denying a motion
for a new trial made upon the minutes of the justice before whom
the action was tried.

*Hurd & Grim*, for the appellant.

*F. W. Catlin*, for the respondent.

Dykman, J.:

The board of elections of the city of Brooklyn appointed the
defendant a canvasser of election in the ninth district of the nineteenth ward of that city on the ninth day of October, 1882, and
gave him notice of his appointment.

He declined and refused to accept the position, failed to take the
oath of office, and refused to discharge the duties pertaining thereto.
This action was therefore brought against him for the recovery
of a penalty of $100, attached to such refusal by the following statute : "Every person appointed as register, poll clerk,
canvasser or inspector of election failing to take and file the oath of
office hereinbefore provided for, or who shall willfully neglect or
refuse to discharge the duties of such register and inspector or canvasser, shall unless excused by the board of elections be liable to a
penalty of $100 to be sued for and recovered by said board in any

court of record in the name of the city of Brooklyn for the use and benefit of the city treasury." (Chap. 528, Laws of 1880.) Statutes imposing similar penalties are by no means unusual. Any person chosen or appointed to the office of supervisor, town clerk, commissioner of highways, overseer of the poor, overseer of highways, pound-master or town sealer, who shall refuse to serve, forfeits a penalty. (1 R. S., 347, §§ 25, 26.)

The power to impose these penalties results from the right of the sovereign to compel the performance of a service for its benefit by the subject. In civilized society and enlightened government, men are not absolutely free. The burdens of government are unavoidable qualifications, and belong essentially to the lot of freemen. They are ills to which they must submit because they are a part of their contribution to society and government which they yield in return for its protection and benefit.

It is the duty of all to help on the action of government. There are places to be filled in the course of public affairs for which occupants must be found, at whatever inconvenience to individuals, and when constraint becomes necessary, then such constraint is the law of necessity for the general welfare. Offices of note are aspired to for the honor and emoluments which they bring, but it is not always so in the lower walks of public life. Jurors attend the courts from necessity, and witnesses on compulsion, and in some cases without compensation. The entire population of a county above the age of fifteen years may be summoned to assist officers in making arrests and maintaining the peace, and are bound to attend on pain of punishment.

The reasons assigned by the defendant were not deemed sufficient by the appointing board. His excuses were not accepted and he was not excused. That seems under the statute to be his only means of escape. If not excused by the board of elections he must discharge the duties of the office or be liable to a penalty of $100.

There was no disputed question of fact for the jury, and it was proper therefore to direct a verdict for the plaintiff.

The judgment should be affirmed, with costs.

BARNARD, P. J., concurred; PRATT, J., not voting.

Judgment and order denying new trial affirmed, with costs.